United States District Court
For the Northern District of California

*E-Filed 11/23/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN CLEMENT NELSON, | No. C 10-3171 RS (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| SONOMA COUNTY SHERIFF'S DEPARTMENT, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has paid the filing fee.

## BACKGROUND

According to the petition, petitioner pleaded guilty in 2004 to attempted first degree burglary, and received a sentence of five years in state prison. Petitioner was denied relief on state review. This federal habeas petition followed.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner alleges that (1) the trial court imposed an unconstitutional sentence; (2) the California Department of Corrections and Rehabilitation ("CDCR") failed to review the sentence for five years, even though it was obligated to review the sentence before that time; (3) the CDCR failed to review the sentence even after the state court brought the sentencing error to its attention; and (4) Sexually Violent Predator ("SVP") proceedings were initiated while petitioner was unlawfully in custody.  Liberally construed, Claim (1) appears to be cognizable on federal habeas review.  Claims (2) and (3) are state law claims, and as such, are not cognizable, and are hereby DISMISSED without leave to amend.  Claim (4) is a reiteration of Claim (1), i.e., he was detained unlawfully owing to a sentencing error. Accordingly, Claim (4) is DISMISSED without leave to amend.  If petitioner wishes to challenge the SVP determination, he must file a separate habeas corpus petition.

**CONCLUSION**

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

DATED: November 22, 2010

RICHARD SEEBORG
United States District Judge